court copy

FILED
DEC 15 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

James Johnson aka James Rutledge
631 Deetz Road
Mount Shasta, CA 96067
541-778-9114

**EASTERN DISTRICT COURT OF THE STATE OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| James Johnson aka James Rutledge<br>Plaintiff<br>vs.<br>Defendant(s)<br><br>PREMIERE CREDIT OF NORTH AMERICA LLC<br>2002 WELLESLEY BLVD SUITE 100<br>INDIANAPOLIS, INDIANA 46219 | Case No 2:14 - CV - 2913 JAM EFB PS<br>COMPLAINT FOR<br>VIOLATION OF FDCPA<br>VIOLATION OF TCPA<br>VIOLATION OF CCCPA<br>VIOLATION OF UDAAP<br>VIOLATION OF FCRA<br>Date:<br>Time:<br>Room: |

## 1. PREMIERE CREDIT OF NORTH AMERICA LLC AND THEIR ATTORNEY(S) OF RECORD

## 2. VERIFIED COMPLAINT

Plaintiff, James Johnson, an individually as a consumer, hereby sues Defendant, Premier Credit of North America LLC, for violations of Fair Debt Collection Practices Act(FDCPA) 15 U.S.C. §1692, The California Consumer Collection Practices Act (CCCPA) CA California Civil Code Sec, §1788.10-1788.18, The California Rosenthal Act and the Telephone Consumer Protection Act(TCPA) Sec. 227., 47 USC§ 227(b)(1(A)(iii) and 47 U.S.C. §227(b)(2)(5). UDAAPs under

Dodd frank act. UNFAIR, DECEPTIVE, OR ABUSIVE ACTS AND PRACTICES.

## 3. PRELIMINARY STATEMENT

**California Ca. Civ. Proc. Code § 312 et seq. 4 years**

**New York N.Y. Civ. Prac, Laws & Rules § 201 et seq 6 years**

**The student loan that Plaintiff received was from the 1970's and I Plaintiff doesn't remember the amount. Plaintiff thinks that it was $2000.00**

*Collecting or assessing debt and /or any additional amounts in connection with a debt (including interest, fees, and charges) not expressly authorized by the agreement creating the debt or permitted by law.

* Falsely representing the character, amount, of legal status of the debt.

*Misrepresenting that a communication is from a government source or that the source of the communication is affiliated with the government.
SEE CFPB BULLETIN 2013-07 and CFPB BULLETIN 2013-08 **SEE EXHIBIT 3**

11. Plaintiff was registered on the National Do-Not-Call Registry at the time of the calls **SEE EXHIBIT4**

## 4. <u>JURISDICTION AND VENUE</u>

1. Jurisdiction of this case arises under U.S.C. §1681p and 15 U.S.C. §1692 k (d) CA, CCCPA California Civil Code Sec, §1788.10-§1788.18 UDAAPs

Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. 28 U.S. Code § 1331- Federal question. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

2. Venue is proper pursuant to 28 U.S.C §1391 b and CCCPA California Civil Code Sec, §1788.10-§1788.18

Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

3. This is an action for damages which exceed $5,000.00

4. SERVICE AGENT LISTED ON THE SECRETARY OF STATE OF CALIFORNIA WEBSITE AS FOREIGN CORPORATION FOREIGN STOCK. C .T. CORPORATION SYSTEM 818 WEST 7TH STREET LOS ANGELES, CALIFORNIA 90017

**5.** PARTIES

1. Plaintiff: James Johnson
Previously Known as James Rutledge
631 Deetz Road, Mount Shasta, California 96067
And
Defendant: Premier Credit of North America LLC
2002 Wellesley Blvd. Suite 100 Indianapolis, Indiana 46219

2. Plaintiff, is an individual consumer of the State of California,

3. Upon information and belief Premier Credit of North America LLC (Nations )is a foreign corporation, authorized to do business in California with a registered agent in California who is C.T. CORPORATION SYSTEM listed as a foreign corporation, foreign stock with the CALIFORNIA SECRETARY OF STATE OFFICE, jurisdiction in Delaware and SERVICE AGENT LISTED ON THE SECRETARY OF STATE OF CALIFORNIA WEBSITE AS FOREIGN CORPORATION FOREIGN STOCK.

C .T. CORPORATION SYSTEM 818 WEST 7TH STREET LOS ANGELES, CALIFORNIA 90017 is not registered as a debt collector as required with California Office of financial regulations.

## 6. FACTUAL ALLEGATIONS

1. This the first lawsuit against the Defendant for the violations mentioned in paragraph 1 above.

2. On or around September 26th 2014 Plaintiff received a letter from Defendant for an attempt to collect on a debt from Plaintiff that Plaintiff was not familiar with, so Plaintiff sent a request for an original copy of the original contract from the Defendant. Plaintiff has not received the requested original contract as of December 11th 2014. On October 8th 2014 the Defendant started calling Plaintiff by phone.

3. Going back to October 8th 2014, the Defendant has willfully and knowingly 1violated the federal and state law, and seems intent on violating the Plaintiffs rights repeatedly.

4. Going back to October 9th 2014, the Debt Collector has repeatedly harassed and called Plaintiffs cell phone after Plaintiff requested that they stop calling Plaintiffs cell phone.

5. On October the 8th 2014, Premiere Credit of North America LLC called Plaintiffs cell phone one time at11:00 am from phone number 1-317-375-6500.

6. On October the 9th 2014, Premiere Credit of North America LLC called my cell phone two times; at 10:00am from phone number 1-317-375-6500 and at11:27 am from phone number 1-317-375-6500.

7. On October the 9th 2014' Plaintiff requested that Premiere Credit of North America LLC stop calling Plaintiffs cell phone number but they continued.

8. On October 10th 2014, Premiere Credit of North America LLC called Plaintiff on Plaintiffs friends landline/home phone one time at 2:38 pm from 1-317-375-6500.

9. On October 13th 2014, Premiere Credit of North America LLC called Plaintiff on Plaintiffs friends landline/home phone my friends residence landline/ home phone o time at 3:57 pm from 1-317-375-6500.

10. On October 14th 2014, Premiere Credit of North America LLC called Plaintiff's cell phone number one time at n12:45 pm from 1-317-375-6500.

11. On October 14th 2014, Premiere Credit of North America LLC called Plaintiff on Plaintiffs friends landline/home one time at12:46 pm 1-317-375-6500.

12. On October 15th 2014, Premiere Credit of North America LLC called Plaintiff on Plaintiffs friends landline/home two times at 9:25am from 1-317-375-6500 and at 1:42 pm from 1-317-375-6500.

13. On October 24th 2014, Premiere Credit of North America LLC called Plaintiffs cell phone number one time at 11:08 am from 1-317-375-6500.

14. On October 24th 2014, Premiere Credit of North America LLC called Plaintiff on Plaintiffs friends landline/home phone number one time at 11:09 am from 317-375-6500.

**7.**

## COUNT 1
## FDCPA, 1692

1. § 1692 b(3) Contact of Third Party: Contacted a person more than once, unless requested to do so.

§ 807. False or misleading representations [15 USC 1692e]

1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of --

(A) the character, amount, or legal status of any debt.

**§ 808. Unfair practices [15 USC 1692f]**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. The Defendant was in violation when Defendant attempted to collect by sending out the 1st letter under the above laws/statues.

2. On October 10th 2014 Premiere Credit of North America LLC called my friend's resident's landline/ home phone one time at 2:38 pm from 1-317-375-6500.

3. On October 13th 2014, Premiere Credit of North America LLC called my friend's resident's landline/ home phone one time at 3:57 pm from 1-317-375-6500.

4. § 1692 d(5) Caused the phone to ring or engaged any person in telephone conversations repeatedly.

5. On October 10th 2014, Premiere Credit of North America LLC called my friend's resident's landline/ home phone one time at 2:38 pm from 1-317-375-6500.

6. On October 13th 2014, Premiere Credit of North America LLC called my friend's resident's landline/ home phone one time at 3:57 pm from 1-317-375-6500.

On October 14th 2014, Premiere Credit of North America LLC called my friend's resident's landline/ home phone one time at 12:46 pm 1-317-375-6500.

On October 24th, 2014 Premiere Credit of North America LLC called my friend's resident's landline/ home phone number one times at 11:09 am from 317-375-6500.

7. § 1692 e(2) Character, amount, or legal status of the alleged debt

On all 11 phone calls

8. § 1692 f(1) Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

On all 11 phone calls

**8.** COUNT 2

TCPA 47 U.S.C. §227

1. On October the 8th 2014 Premiere Credit of North America LLC called Plaintiffs cell phone one time without in express consent or authorization.

2. On October the 9th 2014 Premiere Credit of North America LLC called Plaintiffs cell phone two times without in express consent or authorization.

3. On October the 9th 2014 Premiere Credit of North America LLC called Plaintiffs cell phone two times without in express consent or authorization.

4. On October the 14th 2014 Premiere Credit of North America LLC called Plaintiffs cell phone one1 time without in express consent or authorization.

5. On October 15th 2014 Premiere Credit of North America LLC called Plaintiffs cell phone two times without in express consent or authorization.

6. On October 24th 2014 Premiere Credit of North America LLC called Plaintiffs cell phone number one time without in express consent or authorization.

7. All of these calls to Plaintiffs cell phone were made with an Auto Telephone Dialer ATD and made to a cell phone that's on the Do Not Cal list.

8. Violations of the Telephone Consumer Protection Act. Defendant allegedly contacted plaintiff on his cell phone without express prior consent

9. Telephone Consumer Protection Act. Defendant allegedly contacted plaintiff on his cell phone without his express prior authorization.

10. Violations of the Telephone Consumer Protection Act. Defendant allegedly contacted Plaintiffs cellular telephone without her consent via an "automatic Telephone dialing system

11. Plaintiff was registered on the National Do-Not-Call Registry at the time of the calls

Plaintiffs cell phone was registered on the national no not call list when Defendant called attempting to collect a debt in violation of TCPA

Defendant violated The TCPA when calling Plaintiffs cell phone multiple times when plaintiff's number was on the (DO NOT CALL LIST)

# COUNT 3

# VIOLATION OF CCCPA

Defendant upon making this demand mentioned above in EXHIBIT 1 on Plaintiff .Because this demand for this amount without proof that this is Plaintiff debt amount , and if it was the letter did not state that this was an attempt to collect on a (BARRED DEBT) and there is no original agreement, that makes this very (DECEPTIVE)

CCCPA California Civil Code Sec, §1788.10-§1788.18

California Civil Code §§ 1788 et seq , § 1788. This title may be cited as the Rosenthal Fair Debt Collection Practices Act. § 1788.1. (a)

# COUNT 4

# VIOLATION OF UDDAPs

Defendant upon making this demand mentioned above in **EXHIBIT 1** on Plaintiff .Because this demand for this amount without proof that this is Plaintiff debt amount , and if it was the letter did not state that this was an attempt to collect on a (BARRED DEBT) and they have not produced the original agreement, that makes this very (DECEPTIVE) Debt barred limitations in New York and California

California Ca. Civ. Proc. Code § 312 et seq. 4 years

New York N.Y. Civ Prac, Laws & Rules § 201 et seq 6 years

The student loan that I received was in the 1970s I don't remember the amount but I thank that it was $2000.00

*Collecting or assessing debt and /or any additional amounts in connection with a debt (including interest, fees, and charges) not expressly authorized by the agreement creating the debt or permitted by law.

* Falsely representing the character, amount, of legal status of the debt.

*Misrepresenting that a communication is from a government source or that the source of the communication is affiliated with the government.

SEE CFPB BULLETIN 2013-07 and CFPB BULLETIN 2013-08 **SEE EXHIBIT 3**

# COUNT 5
# VIOLATION OF FCPA

The Defendant pulled the credit report on September 30th 2014 without my permission and without having a business relationship with Plaintiff

**SEE EXHIBIT 5 EXPERIAN CREDIT REPORT PAGE**

# PRAYER FOR RELEIF

WHEREFORE, Plaintiff respectfully prays damages be awarded Plaintiff and that

Executed on December 11th 2014 at ~~Mount Shasta~~ WEED JS, California

## CONCLUSION

WHEREFORE, Plaintiff prays that the Court does as follows:

1) Plaintiff respectfully prays that damages be awarded Plaintiff and judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct is in Violation of the FDCPA,TCPA, CCCPA , UDAAPs and IVASION OF PRIVACY

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

Dated: December 11th, 2014

**VERIFIED STATEMENT**

JAMES JOHNSON AKA JAMES RUTLEDGE Plaintiff, verifies that he is competent to state as to the matters set forth herein and has first-hand knowledge thereof, and attests that to the best of her knowledge and belief, such facts are true, correct and complete to the best of he's knowledge and belief, admissible as evidence, and if called upon as a witness, she will testify to their veracity.

BY: James Johnson aka James Rutledge /Plaintiff

James Johnson aka James Rutledge
631 Deetz Road
Mount Shasta, CA 96067
541-778-9114

**EASTERN DISTRICT COURT OF THE STATE OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| James Johnson aka James Rutledge | ) Case No: |
| | ) COMPLAINT FOR |
| | ) VIOLATION OF FDCPA |
| | ) |
| | ) VIOLATION OF TCPA |
| | ) |
| Plaintiff | ) VIOLATION OF CCCPA |
| | ) VIOLATION OF UDAAPs |
| | ) |
| vs. | ) VIOLATION OF FCPA |
| | ) |
| PREMIERE CREDIT OF NORTH AMERICA LLC | ) |
| 2002 WELLESLEY BLVD SUITE 1000 | ) Date: |
| | ) |
| INDIANAPOLIS INDIANA 46219 | ) Time: |
| Defendant | ) Room: |

[PROPOSED] ORDER

Having reviewed all papers submitted by the parties in support of and in opposition to the COMPLAINT FOR VIOLATIONS CCCPA AND INVASION OF PRIVACY,, the court makes the following orders:

IT IS HEREBY ORDERED that the COMPLAINT is SUSTAINED in its entirety without leave to amend,

IT IS SO ORDERED.

Dated: ________________

______________________________
Judge of the District Court Eastern District of California

IT IS HEREBY ORDERED that the COMPLAINT is SUSTAINED in part without leave to amend,

IT IS SO ORDERED.

Dated: ____________________

____________________________________
Judge of the District Court Eastern District of California

Exhibit 1

1st And 2nd

Letters From

Defendant

AND

Exhibit 2

PREMIERE CREDIT OF NORTH AMERICA, LLC
2002 WELLESLEY BLVD, SUITE 100
INDIANAPOLIS, IN 46219
1-888-744-2602

Department 723 7482284714093
PO BOX 4115
CONCORD CA 94524

September 24, 2014

ADDRESS SERVICE REQUESTED

#BWNFTZF #PCE7482284714093#

JAMES RUTLEDGE
631 DEETZ RD
MOUNT SHASTA CA 96067-9147

| ACCOUNT NO. | PRINCIPAL BAL. | INTEREST |
|---|---|---|
| 1000445554 | $5984.33 | $3892.85 |
| PENALTY CHARGES | FEES & COSTS | CURRENT BALANCE |
| $2391.67 | $0.00 | $12268.85 |
| | AMOUNT PAID | |

Creditor: U.S. Department of Education

DO NOT SEND CASH.
MAKE CHECKS PAYABLE TO: U.S. DEPARTMENT OF EDUCATION.
SHOW YOUR ACCOUNT NUMBER ON YOUR CHECK.
RETURN THIS PORTION WITH YOUR PAYMENT.

SEND PAYMENT TO:

National Payment Center
US Department of Education
PO BOX 105028
ATLANTA GA 30348-5028

4 410004455542 0000004950 00000571 4 410004455542 0009232014 12268852

---

Effective as of the date of this notice, your student loan account has been referred to Premiere Credit Of North America, LLC. for the purpose of securing repayment of a delinquent debt.

**Premiere Credit Of North America, LLC**
**PO Box 19901**
**Indianapolis, IN 46219**
**TOLL Free Phone: 1-888-744-2602 or call 317-869-0618**
**Hours of operation: MON - THUR 8AM - 9PM, FRI 8AM - 5PM, SAT 9AM - 1:00PM EST.**

In addition to principal, interest and administrative fees, you are now responsible for costs ED incurs for fees earned by Premiere Credit for recoveries on this debt. These charges may be up to 24.34% of the principal and interest repaid.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify us in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request, in writing, within 30 days after receiving this notice, we will provide the name and address of the original creditor, if different from the current creditor.

**THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

All payments should be mailed to the following Address:

**US DEPARTMENT OF EDUCATION, NATIONAL PAYMENT CENTER**
**P.O. Box 105028**
**Atlanta, GA 30348-5028**

Notice: See reverse side for important information.

Please Send me The Original Contract within 15 Days

**PREMIERE CREDIT OF NORTH AMERICA, LLC**
**2002 WELLESLEY BLVD * SUITE 100 * INDIANAPOLIS, IN 46219 * 1-888-744-2602**

JeD

36A PCE1-0923-517356192-01919-1919

# PREMIERE CREDIT
## of North America, LLC

November 3, 2014

James Rutledge
631 Deetz Rd.
Mount Shasta, CA 96067

RE: Account: 81371763
U.S. Department of Education Debt number(s): 2043808

Dear Mr. Rutledge:

Thank you for contacting Premiere Credit of North America, LLC (Premiere Credit) regarding your account. Premiere Credit is a third party accounts receivable management firm that collects debts owed to the U.S. Department of Education (ED).

I have ordered copies of your original promissory note(s) and as soon as they are received I will forward them to you at the above address.

According to our records, your account balance as of November 3, 2014 is as follows:

Account Balance: $12,348.12
Principal: $5,984.33
Interest: $3,946.60
Penalties: $2,417.19

For more information concerning your federally insured student loan(s) we encourage you to review the U.S. Department of Education's National Student Loan Data System at www.nslds.ed.gov. This website maintains a record of individual student borrowers and the federally insured loans they received. You may find information regarding any and all federally insured student loans you have and their current status.

# PREMIERE CREDIT

## of North America, LLC

November 3, 2014

James Rutledge
631 Deetz Rd.
Mount Shasta, CA 96067

RE: Account: 81371763
U.S. Department of Education Debt number(s): 2043808

Dear Mr. Rutledge:

Thank you for contacting Premiere Credit of North America, LLC (Premiere Credit) regarding your account. Premiere Credit is a third party accounts receivable management firm that collects debts owed to the U.S. Department of Education (ED).

I have ordered copies of your original promissory note(s) and as soon as they are received I will forward them to you at the above address.

According to our records, your account balance as of November 3, 2014 is as follows:

Account Balance: $12,348.12
Principal: $5,984.33
Interest: $3,946.60
Penalties: $2,417.19

For more information concerning your federally insured student loan(s) we encourage you to review the U.S. Department of Education's National Student Loan Data System at www.nslds.ed.gov. This website maintains a record of individual student borrowers and the federally insured loans they received. You may find information regarding any and all federally insured student loans you have and their current status.

Exhibit 3

Two CFPB

Bulletins




1700 G Street, N.W., Washington, DC 20552

CFPB Bulletin 2013-07

Date: July 10, 2013
Subject: Prohibition of Unfair, Deceptive, or Abusive Acts or Practices in the Collection of Consumer Debts

Under the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), all covered persons or service providers are legally required to refrain from committing unfair, deceptive, or abusive acts or practices (collectively, UDAAPs) in violation of the Act. The Consumer Financial Protection Bureau (CFPB or Bureau) is issuing this bulletin to clarify the contours of that obligation in the context of collecting consumer debts.

This bulletin describes certain acts or practices related to the collection of consumer debt that could, depending on the facts and circumstances, constitute UDAAPs prohibited by the Dodd-Frank Act. Whether conduct like that described in this bulletin constitutes a UDAAP may depend on additional facts and analysis. The examples described in this bulletin are not exhaustive of all potential UDAAPs. The Bureau may closely review any covered person or service provider's consumer debt collection efforts for potential violations of Federal consumer financial laws.

## A. Background

UDAAPs can cause significant financial injury to consumers, erode consumer confidence, and undermine fair competition in the financial marketplace. Original creditors and other covered persons and service providers under the Dodd-Frank Act involved in collecting debt related to any consumer financial product or service are subject to the prohibition against UDAAPs in the Dodd-Frank Act.[1]

In addition to the prohibition of UDAAPs under the Dodd-Frank Act, the Fair Debt Collection Practices Act (FDCPA) also makes it illegal for a person defined as a "debt collector" from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt,"[2] to "use

---

[1] *See* Dodd-Frank Act, §§ 1002, 1031 & 1036(a), codified at 12 U.S.C. §§ 5481, 5531 & 5536(a). It is also prohibited for any person, even if not a covered person or service provider, to knowingly or recklessly provide substantial assistance to a covered person or service provider in violating section 1031 of the Dodd-Frank Act. *See* Dodd-Frank Act, § 1036(a)(3), 12 U.S.C. § 5536(a)(3). The principles of "unfair" and "deceptive" practices in the Act are informed by the standards for the same terms under Section 5 of the Federal Trade Commission Act (FTC Act). *See* CFPB Examination Manual v.2 (Oct. 2012) at UDAAP 1 (CFPB Exam Manual). To the extent that this Bulletin cites FTC guidance or authority, such references reflect the views of the FTC, and are not binding upon the Bureau in interpreting the Dodd-Frank Act's prohibition on UDAAPs.
[2] FDCPA § 806, 15 U.S.C. § 1692d.

any false, deceptive, or misleading representation or means in connection with the collection of any debt,"[3] or to "use any unfair or unconscionable means to collect or attempt to collect any debt."[4] The FDCPA generally applies to third-party debt collectors, such as collection agencies, debt purchasers, and attorneys who are regularly engaged in debt collection.[5] All parties covered by the FDCPA must comply with any obligations they have under the FDCPA, in addition to any obligations to refrain from UDAAPs in violation of the Dodd-Frank Act.

Although the FDCPA's definition of "debt collector" does not include some persons who collect consumer debt, all covered persons and service providers must refrain from committing UDAAPs in violation of the Dodd-Frank Act. [6]

**B. Summary of Applicable Standards for UDAAPs**

1. *Unfair Acts or Practices*

The Dodd-Frank Act prohibits conduct that constitutes an unfair act or practice. An act or practice is unfair when:

(1) It causes or is likely to cause substantial injury to consumers;
(2) The injury is not reasonably avoidable by consumers; and
(3) The injury is not outweighed by countervailing benefits to consumers or to competition.[7]

A "substantial injury" typically takes the form of monetary harm, such as fees or costs paid by consumers because of the unfair act or practice. However, the injury does not have to be monetary.[8] Although emotional impact and other subjective types of harm will not ordinarily amount to substantial injury, in certain circumstances emotional impacts may amount to or contribute to substantial injury.[9] In addition, actual injury is not required; a significant risk of concrete harm is sufficient.[10]

---

[3] FDCPA § 807, 15 U.S.C. § 1692e. This provision also imposes affirmative obligations on "debt collectors" under the FDCPA when collecting consumer debts.
[4] FDCPA § 808, 15 U.S.C. § 1692f. This provision also imposes affirmative obligations on "debt collectors" under the FDCPA when collecting consumer debts.
[5] *See* FDCPA § 803(6), 15 U.S.C. § 1692a(6). The FDCPA also covers, as a "debt collector," a creditor who, in collecting its own debts, uses any name other than its own which would indicate that a third person is attempting to collect the debts.
[6] The FDCPA also reaches any person who designs, compiles, or furnishes forms knowing such forms would be used to create the false belief in a consumer that a person other than the creditor is participating in collecting the creditor's debts. *See* FDCPA § 812, 15 U.S.C. § 1692j.
[7] Dodd-Frank Act §§ 1031, 1036, 12 U.S.C. §§ 5531, 5536.
[8] CFPB Exam Manual at UDAAP 2; *see also FTC v. Accusearch, Inc.*, 06-cv-105-D, 2007 WL 4356786, at *7-8 (D. Wyo. Sept. 28, 2007); FTC Policy Statement on Unfairness (Dec. 17, 1980), *available at* http://www.ftc.gov/bcp/policystmt/ad-unfair.htm.
[9] CFPB Exam Manual at UDAAP 2.
[10] *Id.*

An injury is not reasonably avoidable by consumers when an act or practice interferes with or hinders a consumer's ability to make informed decisions or take action to avoid that injury.[11] Injury caused by transactions that occur without a consumer's knowledge or consent is not reasonably avoidable.[12] Injuries that can only be avoided by spending large amounts of money or other significant resources also may not be reasonably avoidable.[13] Finally, an act or practice is not unfair if the injury it causes or is likely to cause is outweighed by its consumer or competitive benefits.[14]

Established public policy may be considered with all other evidence to determine whether an act or practice is unfair, but may not serve as the primary basis for such determination.[15]

2. *Deceptive Acts or Practices*

The Dodd-Frank Act also prohibits conduct that constitutes a deceptive act or practice. An act or practice is deceptive when:

(1) The act or practice misleads or is likely to mislead the consumer;
(2) The consumer's interpretation is reasonable under the circumstances; and
(3) The misleading act or practice is material.[16]

To determine whether an act or practice has actually misled or is likely to mislead a consumer, the totality of the circumstances is considered.[17] Deceptive acts or practices can take the form of a representation or omission.[18] The Bureau also looks at implied representations, including any implications that statements about the consumer's debt can be supported. Ensuring that claims are supported before they are made will minimize the risk of omitting material information and/or making false statements that could mislead consumers.

To determine if the consumer's interpretation of the information was reasonable under the circumstances when representations target a specific audience, such as older Americans or financially distressed consumers, the communication may be considered from the perspective of a reasonable member of the target audience.[19] A statement or information can be misleading even if not all consumers, or not all consumers in the targeted group, would be misled, so long as a significant minority

---

[11] *Id.*
[12] *Id.*
[13] *See id.* at 2-3.
[14] Dodd-Frank Act § 1031(c)(1)(B), 12 U.S.C. § 5531(c)(1)(B); *see also* CFPB Exam Manual at UDAAP 2.
[15] Dodd-Frank Act § 1031(c)(2), 12 U.S.C. § 5531(c)(2); *see also* CFPB Exam Manual at UDAAP 3.
[16] The standard for "deceptive" practices in the Dodd-Frank Act is informed by the standards for the same terms under Section 5 of the FTC Act. *See* CFPB Exam Manual at UDAAP 5.
[17] CFPB Exam Manual at UDAAP 5.
[18] *Id.*
[19] *See id.* at 6.

would be misled.[20] Likewise, if a representation conveys more than one meaning to reasonable consumers, one of which is false, the speaker may still be liable for the misleading interpretation.[21] Material information is information that is likely to affect a consumer's choice of, or conduct regarding, the product or service. Information that is likely important to consumers is material.[22]

Sometimes, a person may make a disclosure or other qualifying statement that might prevent consumers from being misled by a representation or omission that, on its own, would be deceptive. The Bureau looks to the following factors in assessing whether the disclosure or other qualifying statement is adequate to prevent the deception: whether the disclosure is prominent enough for a consumer to notice; whether the information is presented in a clear and easy to understand format; the placement of the information; and the proximity of the information to the other claims it qualifies.[23]

3. *Abusive Acts or Practices*

The Dodd-Frank Act also prohibits conduct that constitutes an abusive act or practice. An act or practice is abusive when it:

(1) Materially interferes with the ability of a consumer to understand a term or condition of a consumer financial product or service; or
(2) Takes unreasonable advantage of –
  (A) a consumer's lack of understanding of the material risks, costs, or conditions of the product or service;
  (B) a consumer's inability to protect his or her interests in selecting or using a consumer financial product or service; or
  (C) a consumer's reasonable reliance on a covered person to act in his or her interests.[24]

It is important to note that, although abusive acts or practices may also be unfair or deceptive, each of these prohibitions are separate and distinct, and are governed by separate legal standards.[25]

---

[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*; *see also* CFPB Bulletin 12-06, Marketing of Credit Card Add-On Products (July 12, 2012), *available at* http://files.consumerfinance.gov/f/201207_cfpb_bulletin_marketing_of_credit_card_addon_products.pdf.
[24] Dodd-Frank Act § 1031(d), 12 U.S.C. § 5531(d); *see also* CFPB Exam Manual at UDAAP 9; Stipulated Final Judgment and Order, Conclusions of Law ¶ 12, 9:13-cv-80548 and Compl. ¶¶ 55-63, *CFPB v. Am. Debt Settlement Solutions, Inc.*, 9:13-cv-80548 (S.D. Fla. May 30, 2013), *available at* http://files.consumerfinance.gov/f/201305_cfpb_proposed-order_adss.pdf and http://files.consumerfinance.gov/f/201305_cfpb_complaint_adss.pdf. The Stipulated Final Judgment and Order was signed by U.S. District Judge Middlebrooks and entered on the court docket on June 6, 2013. *See* Stipulated Final J. & Order [ECF Docket Entry No. 5], 9:13-cv-80548 (S.D. Fla.).
[25] CFPB Exam Manual at UDAAP 9.

**C. Examples of Unfair, Deceptive and/or Abusive Acts or Practices**

Depending on the facts and circumstances, the following non-exhaustive list of examples of conduct related to the collection of consumer debt could constitute UDAAPs. Accordingly, the Bureau will be watching these practices closely.

- **Collecting or assessing a debt and/or any additional amounts in connection with a debt (including interest, fees, and charges) not expressly authorized by the agreement creating the debt or permitted by law.**[26]
- **Failing to post payments timely or properly or to credit a consumer's account with payments that the consumer submitted on time and then charging late fees to that consumer.**[27]
- **Taking possession of property without the legal right to do so.**
- **Revealing the consumer's debt, without the consumer's consent, to the consumer's employer and/or co-workers.**[28]
- **Falsely representing the character, amount, or legal status of the debt.**
- **Misrepresenting that a debt collection communication is from an attorney.**
- **Misrepresenting that a communication is from a government source or that the source of the communication is affiliated with the government.**
- **Misrepresenting whether information about a payment or non-payment would be furnished to a credit reporting agency.**[29]
- **Misrepresenting to consumers that their debts would be waived or forgiven if they accepted a settlement offer, when the company does not, in fact, forgive or waive the debt.**[30]
- **Threatening any action that is not intended or the covered person or service provider does not have the authorization to pursue, including**

---

[26] *See* Compl. ¶¶ 34-38 & 43-44, *FTC v. Fairbanks Capital Corp.*, 03-12219 (D. Mass. Nov. 12, 2003) (alleging that the charging of late fees and other associated charges was unfair practice under Section 5 of the FTC Act and a violation of §§ 807 and 808 of the FDCPA), *available at* http://www.ftc.gov/os/2003/11/0323014comp.pdf.

[27] *Id.* ¶¶ 22-25.

[28] *See, e.g.*, Compl. ¶¶ 24 & 30-31, *FTC v. Cash Today, Ltd.*, 3:08-cv-590 (D. Nev. Nov. 12, 2008), *available at* http://www.ftc.gov/os/caselist/0723093/081112cmp0923093.pdf, (asserting that Cash Today engaged in unfair collection practices in violation of Section 5 of the FTC Act by, among other things, disclosing the existence of consumer's debt to employers, co-workers, and other third parties despite being told by consumers not to contact their workplaces); *FTC v. LoanPointe, LLC.*, 2:10 CV 00225-DAK, 2011 WL 4348304, at *5 -6 (D. Utah Sept. 16, 2011) (finding that disclosure of existence and amount of debt to consumer's employer without consumer's prior approval constitutes an unfair practice under the FTC Act).

[29] *See, e.g., In re Am. Express Centurion Bank*, Joint Consent Order at 3 (Oct. 1, 2012), *available at* http://files.consumerfinance.gov/f/2012-CFPB-0002-American-Express-Centurion-Consent-Order.pdf.

[30] *Id.*

**false threats of lawsuits, arrest, prosecution, or imprisonment for non-payment of a debt.**

Again, the obligation to avoid UDAAPs under the Dodd-Frank Act is in addition to any obligations that may arise under the FDCPA. Original creditors and other covered persons and service providers involved in collecting debt related to any consumer financial product or service are subject to the prohibition against UDAAPs in the Dodd-Frank Act. The CFPB will continue to review closely the practices of those engaged in the collection of consumer debts for potential UDAAPs, including the practices described above. The Bureau will use all appropriate tools to assess whether supervisory, enforcement, or other actions may be necessary.




1700 G Street, N.W., Washington, DC 20552

**CFPB Bulletin 2013-08 (Fair Debt Collection Practices Act and the Dodd-Frank Act)**

**Date: July 10, 2013**

**Subject: Representations Regarding Effect of Debt Payments on Credit Reports and Scores**

In response to recent practices observed during supervisory examinations and enforcement investigations, the Consumer Financial Protection Bureau (CFPB or Bureau) issues this bulletin to provide guidance to creditors, debt buyers, and third-party collectors about compliance with the Fair Debt Collection Practices Act (FDCPA)[1] and sections 1031 and 1036 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (Dodd-Frank Act)[2] when making representations about the impact that payments on debts in collection may have on credit reports and credit scores.

### A. Legal Background

The Dodd-Frank Act granted the CFPB authority to issue regulations and guidance related to the FDCPA and Title X of the Dodd-Frank Act.[3] The FDCPA makes it illegal for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."[4] In addition, it is illegal for any covered person or service provider of consumer financial products or services to engage in any deceptive act or practice in violation of the Dodd-Frank Act.[5] The FDCPA and the Dodd-Frank Act together prohibit covered persons or service providers, including debt collectors, from engaging in deception while collecting or attempting to collect on consumer debts.

### B. Deceptive Claims Regarding Debt Payments and Credit Reports and Scores

While communicating with consumers, creditors and debt buyers (collectively "debt owners") and third-party debt collectors often make material representations intended to persuade consumers to pay debts in collection.[6] Such representations may include, but are not limited to, statements regarding the relationship between:

- Paying debts in collection and improvements in a consumer's credit report;
- Paying debts in collection and improvements in a consumer's credit score;
- Paying debts in collection and improvements in a consumer's creditworthiness; or

---

[1] 15 U.S.C. § 1692 *et seq.*
[2] 12 U.S.C. §§ 5531, 5536.
[3] 12 U.S.C. § 5512(b).
[4] 15 U.S.C. § 1692e.
[5] 12 U.S.C. §§ 5531(a), 5536(a)(1)(B).
[6] For the purposes of this bulletin, "debts" refers to debts in collection.

- Paying debts in collection and the increased likelihood of a consumer receiving credit or more favorable credit terms from a lender.

Representations like those discussed in this bulletin are likely to be important to many consumers who view credit reporting as an important determinant of their future access to credit and other opportunities. Based on its supervision, enforcement, and other activities, the CFPB is aware that these types of representations are being made and is concerned that some of them may be deceptive under the FDCPA, the Dodd-Frank Act, or both.[7]

**1. Effects on Credit Reports**

One example of a potentially deceptive claim concerns representations that debt owners and third-party debt collectors may make about obsolete debt, which can be defined for the purposes of this bulletin as debt that the Fair Credit Reporting Act (FCRA) prohibits consumer reporting agencies from including on credit reports for most purposes due to the length of time that has passed since a consumer initially defaulted. The FCRA imposes time limits (usually seven years) on including information about debts in certain credit reports.[8] A debt owner or third-party debt collector representing that payments on obsolete debts will result in the removal of information about the debt from the consumer's credit report may well deceive consumers, because such information likely would not have appeared on reports for most purposes even if the debt had remained unpaid.

Another example of a potentially deceptive claim involves representations that debt owners and third-party debt collectors may make about non-obsolete debts. Payments on debts in collection will change credit reports only if debt owners or third-party debt collectors furnish information about the payments to credit reporting agencies and the agencies add the information to credit files and credit reports. If debt owners or third-party debt collectors do not furnish payment information to credit reporting agencies, then it may well be deceptive for them to make representations about how debt payments will be reflected on a consumer's credit report.[9]

**2. Effects on Credit Scores**

Another potentially deceptive claim involves representations that debt owners and third-party debt collectors may make about how paying debts in collection will improve credit scores. Even assuming that debt owners and third-party collectors report payments on debts in collection to consumer reporting agencies, in light of the numerous factors that influence an individual consumer's credit score, such payments may not improve the credit score of the consumer to whom the representation is being made. Consequently, debt owners or third-party debt collectors

---

[7] Collectors who make claims are responsible for both the literal language of their representations and claims that reasonable consumers take away from those representations. *See FTC Policy Statement on Deception* (Oct. 14, 1983), *published at* 103 F.T.C. 110, 174 (1984). The CFPB is informed by the FTC's standard for deception. CFPB Supervision and Examination Manual, UDAAP 5 (Oct. 2012) (online at http://files.consumerfinance.gov/f/201210_cfpb_supervision-and-examination-manual-v2.pdf).

[8] Section 605 of the FCRA, 15 U.S.C. § 1681c. We note that there are exceptions to the general rule and, as a result, information about debts that are more than seven years old may appear under some circumstances or in certain consumer reports.

[9] *See American Express Centurion Consent Order, American Express Bank, FSB Consent Order, and American Express Travel Related Services Company, Inc. Consent Order* (collectively "American Express Consent Orders"), October 1, 2012, http://www.consumerfinance.gov/pressreleases/cfpb-orders-american-express-to-pay-85-million-refund-to-consumers-harmed-by-illegal-credit-card-practices/.

may well deceive consumers if they make representations that paying debts in collection will improve a consumer's credit score.

### 3. Effect on Creditworthiness

A third example of a potentially deceptive claim involves representations that owners of debts and third-party debt collectors may make about how paying debts in collection will improve creditworthiness or enhance the likelihood that a consumer will subsequently receive credit from a lender. Potential lenders may use a variety of sources of information to assess the creditworthiness of prospective borrowers, including credit report or credit score information. Even where they use the same information, potential lenders may assign different weight to information in evaluating the creditworthiness of prospective borrowers. The nature and extent of the impact of a payment on a particular debt in collection to a prospective borrower's creditworthiness may depend on all of the information potential lenders consider and how they weigh that information, factors that debt owners or third-party debt collectors often will not know. Debt owners or third-party debt collectors may well deceive consumers if they make representations about the nature or extent of improved creditworthiness that result from paying debts in collection.

## C. CFPB Expectations

The examples of potentially deceptive claims concerning the effect of paying debts in collection on credit reports, credit scores, and creditworthiness set forth in this bulletin are illustrative and non-exhaustive. The prevalence of these types of potentially deceptive claims is a matter of significant concern to the CFPB.

Debt owners and third-party debt collectors should take steps to ensure that any claims that they make about the effect of paying debts in collection on consumers' credit reports, credit scores, and creditworthiness are not deceptive. In the course of supervision activities or enforcement investigations, the CFPB may review communication materials, scripts, and training manuals and related documentation to assess whether owners of debts and third-party debt collectors are making these types of claims and the factual basis for them. In addition, the CFPB will assess whether additional supervisory, enforcement, or other actions may be necessary to ensure that the debt collection market functions in a fair, transparent, and competitive manner.

Exhibit 4

Do not Call

List

Copy

# National Do Not Call Registry - Your Registration Is Confirmed

Inbox x

12:40 PM (0 minutes ago)

**Verify@donotcall.gov**

to me

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 9114 on March 19, 2014. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

*************************************************************************
*********************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquirie

Exhibits

Page From Experian Credit Report




Prepared for: JAMES E JOHNSON
Date: November 18, 2014
Report number: 0787-0293-77



***Inquiries shared only with you***

You may not have initiated the following inquiries, so you may not recognize each source. We report these requests to you only as a record of activities, and **we do not include any of these requests on credit reports to others.**

We offer credit information about you to those with a permissible purpose, such as:

- other creditors who want to offer you preapproved credit;
- an employer who wishes to extend an offer of employment;
- a potential investor in assessing the risk of a current obligation;
- Experian Consumer Assistance to process a report for you;
- your current creditors to monitor your accounts (date listed may reflect only the most recent request).

**These inquiries DO NOT affect your credit score.**

**LOANME INC** 1 CITY BLVD W STE 900 ORANGE CA 92868
**No phone number available**
**Date of inquiry:** Oct 28, 2014

**CAPITAL ONE** PO BOX 30281 SALT LAKE CITY UT 84130
(800) 955 7070
**Date of inquiry:** Oct 17, 2014

**SPEEDY CASH** 3527 N RIDGE RD WICHITA KS 67205
**No phone number available**
**Date of inquiry:** Oct 02, 2014

**PREMIERE CREDIT OF N A** 2002 WELLESLEY BLVD STE 100 INDIANAPOLIS IN 46219
(317) 972 6513
**Date of inquiry:** Sep 30, 2014

**CAPITAL ONE** PO BOX 30281 SALT LAKE CITY UT 84130
(804) 967 1000
**Date of inquiry:** Sep 19, 2014; Mar 27, 2014; Mar 21, 2014; Mar 13, 2014

**FINGERHUT/WEBBANK** 215 S STATE ST STE 800 SALT LAKE CITY UT 84111
(801) 456 8350
**Date of inquiry:** Aug 21, 2014; Jun 27, 2014; Sep 03, 2013

**JEFFERSON CAPITAL SYSTEM** 16 MCLELAND RD SAINT CLOUD MN 56303
(866) 417 2561
**Date of inquiry:** May 18, 2014; Apr 21, 2014; Dec 16, 2013; Nov 17, 2013; Oct 12, 2013; Jul 13, 2013; May 23, 2013; Dec 24, 2012; Nov 11, 2012

**CONVERGENT OUTSOURCING,** 800 SW 39TH ST RENTON WA 98057
(800) 444 8485
**Date of inquiry:** Jan 04, 2014; Apr 05, 2013

**CAPITAL ONE AUTO FINANCE** 3901 DALLAS PKWY PLANO TX 75093
(800) 946 0332
**Date of inquiry:** Dec 26, 2013; Nov 26, 2013

**CAPITAL ONE AUTO FINANCE**
**No phone number available**
**Date of inquiry:** Nov 26, 2013

**CREDIT ONE BANK** PO BOX 98873 LAS VEGAS NV 89193
(877) 825 3242
**Date of inquiry:** Oct 17, 2013; Jun 25, 2013; Jun 11, 2013; Jan 02, 2013; Nov 09, 2012

**CHASE** PO BOX 15298 WILMINGTON DE 15298
(800) 955 9900
**Date of inquiry:** Jul 12, 2013

**CREDCO/ONETECHNOLOGIES** 1500 NW BETHANY BLVD STE 370 BEAVERTON OR 97006
(800) 523 0233
**Date of inquiry:** Jul 03, 2013; Jun 29, 2013; May 11, 2013; Feb 16, 2013

**CONVERGENT OUTSOURCING** 800 SW 39TH ST RENTON WA 98057
(425) 643 3111
**Date of inquiry:** Jun 11, 2013

**CONSUMERINFO.COM** PO BOX 19729 IRVINE CA 92623
**No phone number available**
**Date of inquiry:** Jun 04, 2013

**CONSUMERINFO.COM INC** PO BOX 19729 IRVINE CA 92623
**No phone number available**
**Date of inquiry:** May 22, 2013; May 20, 2013

**CONSUMERINFO.COM INC**
**No phone number available**
**Date of inquiry:** May 20, 2013

**CIC/IDENTITY CHK** 535 ANTON BLVD STE 100 COSTA MESA CA 92626
**No phone number available**
**Date of inquiry:** May 11, 2013

**CONSUMERINFO.COM INC** 535 ANTON BLVD STE 100 COSTA MESA CA 92626
**No phone number available**
**Date of inquiry:** May 11, 2013