David J. Kaminski (SBN: 128509)
kaminskid@cmtlaw.com
Tamar Gabriel (SBN: 266860)
gabrielt@cmtlaw.com
**CARLSON & MESSER LLP**
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
PREMIERE CREDIT OF NORTH AMERICA, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| JAMES JOHNSON aka JAMES RUTLEDGE,<br><br>            Plaintiff,<br><br>    vs.<br><br>            Defendant(s)<br><br>PREMIERE CREDIT Of NORTH AMERICA, LLC<br><br>2002 WELLESLEY BLVD SUITE 100<br>INDIANAPOLIS, INDIANA 46219 | CASE NO. 2:14-CV-02913-JAM-CMK<br><br>**ANSWER TO COMPLAINT** |

Defendant PREMIERE CREDIT OF NORTH AMERICA, LLC ("Defendant") hereby answers the Complaint of Plaintiff JAMES JOHNSON aka JAMES RUTLEDGE ("Plaintiff") as set forth below.

///

///

///

///

1. Paragraph 1[1] of the Complaint does not contain any affirmative allegations against Defendant to which no answer is required. To the extent that said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

2. Answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff brings this action. However, Defendant denies that Plaintiff has any viable claims against Defendant.

## PRELIMINARY STATEMENT

3. Answering Paragraph 3 of the Complaint, Defendant denies the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute legal conclusions.

4. Answering the paragraph numbered as 11, following Paragraph 3 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

## JURISDICTION AND VENUE

5. Paragraph 4 of the Complaint does not contain any affirmative allegations against Defendant to which no answer is required. To the extent that said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

6. Answering the paragraph following Paragraph 4 of the Complaint numbered as subparagraph 1, Defendant admits that this Court has subject matter jurisdiction. However, Defendant denies the rest of the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

7. Answering subparagraph 2 following subparagraph 1 under Paragraph 4, Defendant is without knowledge to form a belief as to the truth of the allegations as to Plaintiff's residence and thereby denies this allegation at this time. Defendant denies the rest of the allegations in said paragraph as they lack foundation and constitute a legal conclusion.

///

---

[1] The Plaintiff's paragraphs are not numbered chronologically or in a systematic format. Defendant will answer the paragraphs as they are numbered as best as possible.

8.   Answering subparagraph 3 under Paragraph 4, Defendant denies the allegations in said paragraph which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

9.   Answering subparagraph 4 under Paragraph 4, Defendant admits that it has an agent for service of process in California and that it is a Limited Liability Company domestic to Indiana. Defendant denies the rest of the allegations in said paragraph as they lack foundation and constitute a legal conclusion.

**PARTIES**

10.   Paragraph 5 of the Complaint does not contain any affirmative allegations against Defendant to which no answer is required. To the extent that said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

11.   Subparagraph 1 following Paragraph 5 of the Complaint, contains the names of the parties to this action, to which no answer is required. To the extent that said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

12.   Answering subparagraph 2 under Paragraph 5 of the Complaint, Defendant presently lacks sufficient knowledge to form a belief as to whether the financial obligations at issue were incurred primarily for personal, family or household purposes. Therefore, Defendant can neither admit nor deny whether the subject debt is a "debt" as defined by the FDCPA 15 U.S.C. §1682(a)(5) and a "consumer debt" as defined by the RFDCPA, Cal. Civ. Code §1788.2(f) or whether the Plaintiff can be classified as a "consumer" as that term is defined by 15 U.S.C. §1692a(3) in this case. Except as specifically admitted herein, Defendant denies the remaining allegations in said paragraph as they constitute a legal conclusion.

13.   Answering subparagraph 3 under Paragraph 5 of the Complaint, Defendant admits that it is authorized to conduct business in California with an agent for service of process in California and Delaware, and that it is a Limited Liability Company domestic to Indiana. Except as specifically admitted herein, Defendant denies the remaining allegations in said paragraph as they are vague, ambiguous, lack foundation, and constitute a legal conclusion.

///

## FACTUAL ALLEGATIONS

14. Paragraph 6 of the Complaint does not contain any affirmative allegations against Defendant to which no answer is required. To the extent that said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

15. Answering subparagraph 1 following Paragraph 6 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

16. Answering subparagraph 2 following Paragraph 6 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

17. Answering subparagraph 3 following Paragraph 6 of the Complaint, Defendant denies the allegations in said paragraph which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

18. Answering subparagraph 4 following Paragraph 6 of the Complaint, Defendant denies the allegations in said paragraph which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

19. Answering subparagraph 5 following Paragraph 6 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

20. Answering subparagraph 6 following Paragraph 6 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

21. Answering subparagraph 7 following Paragraph 6 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

///

///

22. Answering subparagraph 8 following Paragraph 6 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

23. Answering subparagraph 9 following Paragraph 6 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

24. Answering subparagraph 10 following Paragraph 6 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

25. Answering subparagraph 11 following Paragraph 6 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

26. Answering subparagraph 12 following Paragraph 6 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

27. Answering subparagraph 13 following Paragraph 6 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

28. Answering subparagraph 14 following Paragraph 6 of the Complaint, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

## COUNT 1

29. Answering Paragraph 7 and all subparagraphs, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraphs, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

///

///

### COUNT 2

30. Answering Paragraph 8 and all subparagraphs numbered 1 through 11, Defendant presently lacks sufficient knowledge to either admit or deny the allegations in said paragraphs, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

### COUNT 3

31. Answering the unnumbered paragraph(s) under Count 3 of the Complaint, Defendant denies the allegations contained therein, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

### COUNT 4

32. Answering the unnumbered paragraph(s) under Count 4 of the Complaint, Defendant denies the allegations contained therein, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

### COUNT 5

33. Answering the unnumbered paragraph under Count 5 of the Complaint, Defendant denies the allegations contained therein, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

### PRAYER FOR RELIEF

34. Answering the unnumbered paragraph which contains Plaintiff's prayer for relief, Defendant denies each and every allegation contained in said paragraph and denies that Plaintiff is entitled to the relief requested therein.

### CONCLUSION

35. Answering the paragraphs under the caption "Conclusion" of the Complaint, with subparagraphs (1) and (A)-(E), Defendant denies each and every allegations contained therein and denies that Plaintiff is entitled to the relief requested therein.

## PLAINTIFF'S ADDENDUM[2]

36. Answering Paragraph 1 of Plaintiff's Addendum to the Complaint, Defendant admits that plaintiff brings this action. However, Defendant denies that Plaintiff has any viable claims against Defendant.

37. Answering Paragraph 2 of Plaintiff's Addendum to the Complaint, Defendant denies the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute legal conclusions.

38. Answering the second paragraph numbered Paragraph 2 of the Plaintiff's Addendum to the Complaint, Defendant denies the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute legal conclusions.

39. Answering Paragraph 3 of the Plaintiff's Addendum to the Complaint, Defendant denies the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute legal conclusions.

40. Answering Paragraph 4 of the Plaintiff's Addendum to the Complaint, Defendant denies each and every allegation in said paragraph, which are also vague, ambiguous, lack foundation, and constitute legal conclusions.

41. Answering Paragraph 5 of the Plaintiff's Addendum to the Complaint, Defendant denies the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute legal conclusions.

42. Answering Paragraph 6 of the Plaintiff's Addendum to the Complaint, to the extent the allegations in said paragraph refer to a writing, Defendant asserts that the writing speaks for itself.

43. Answering Paragraph 7 of the Plaintiff's Addendum to the Complaint, to the extent the allegations in said paragraph refer to a writing, Defendant asserts that the writing speaks for itself.

---

[2] Plaintiff has filed a separate document entitled "Addendum" (ECF Doc. No. 3). It is unclear whether this document was intended to amend Plaintiff's Complaint or simply an addition to the Complaint. Therefore, Defendant responds to the Addendum and includes this response in the Answer to Plaintiff's Complaint.

44. Answering Paragraph 8 of the Plaintiff's Addendum to the Complaint, to the extent the allegations in said paragraph refer to a writing, Defendant asserts that the writing speaks for itself.

45. Answering Paragraph 9 of the Plaintiff's Addendum to the Complaint, to the extent the allegations in said paragraph refer to a writing, Defendant denies the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute legal conclusions.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

///

///

///

### FIFTH AFFIRMATIVE DEFENSE

5.     As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

### EIGHTH AFFIRMATIVE DEFENSE

8.     The Complaint and each purported cause of action alleged therein against Defendant is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief sought thereby.

### NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff is barred by the doctrine of laches from pursuing his Complaint and each purported cause of action alleged therein against Defendant by reason of his inexcusable and unreasonable delay in filing his Complaint.

### TENTH AFFIRMATIVE DEFENSE

10.     As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to statutes 15 U.S.C. § 1692, *et seq.*

### ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692, *et seq*.

### TWELFTH AFFIRMATIVE DEFENSE

12. As a separate, affirmative defense, assuming *arguendo* that this Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the FDCPA, RFDCPA, TCPA, FCRA, and/or the UDAAP.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by, inter alia, FDCPA, RFDCPA, TCPA, FCRA, and/or the UDAAP.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails as a matter of law due to lack of standing.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. As a separate, affirmative defense, Defendant alleges Plaintiff has not properly alleged the dates of accrual of his cause of action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. As a separate, affirmative defense, Plaintiff was not charged for any alleged call by Defendant, his Complaint is not actionable under the TCPA.

///

///

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### TWENTY FIRST AFFIRMATIVE DEFENSE

21.     As a separate, affirmative defense, Plaintiff's injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of risk, and/or culpable conduct of Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff's own conduct contributed to the cause of her alleged injuries, losses or damages.

### TWENTY SECOND AFFIRMATIVE DEFENSE

22.     As a separate, affirmative defense, Defendant alleges that federal law pre-empts some or all of Plaintiff's claims and causes of action, and said claims and causes of action are therefore barred as a matter of law.

///

### TWENTY THIRD AFFIRMATIVE DEFENSE

23. As a separate, affirmative defense, Plaintiff has actively attempted to place himself in a position to be the subject of unwilling alleged violations of the TCPA, and maintained that position to maximize his own purported damages and injuries. As such, Plaintiff cannot complain of his alleged injuries or collect thereon.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

24. As a separate, affirmative defense, Defendant alleges that Plaintiff consented to the communications and/or disclosures complained of, the existence of which Defendant denies.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

25. As a separate, affirmative defense, the TCPA was intended to restrict telemarketers, not those actively engaged in the collection of debt, and enforcement of statutory damages under the TCPA against Defendant without prior notice would constitute imposition of unexpected, unfair, excessive, punitive, unlawful and unconstitutional damages.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

26. As a separate, affirmative defense, to the extent that Defendant was provided with Plaintiff's number as the primary contact point for an account holder, implied and/or express permission existed for the calling of the number by Defendant. Such contact under those circumstances involves Defendant's right of commercial free speech and is not actionable by law.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

27. As a separate, affirmative defense, any alleged calls by Defendant to Plaintiff were not made using an automatic telephone dialing system or an artificial or prerecorded voice.

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

28. As a separate, affirmative defense, Defendant alleges that it had prior express consent to call the telephone number(s) at issue.

///

///

### TWENTY NINTH AFFIRMATIVE DEFENSE

29. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent the court lacks jurisdiction and/or the venue is improper.

### THIRTIETH AFFIRMATIVE DEFENSE

30. As a separate, affirmative defense, Defendant alleges that Plaintiff has no private right of action under the Fair Credit Reporting Act.

### THIRTY FIRST AFFIRMATIVE DEFENSE

31. As a separate, affirmative defense, Defendant alleges that a pro per plaintiff cannot recover attorneys' fees.

### THIRTY SECOND AFFIRMATIVE DEFENSE

32. As a separate, affirmative defense, Defendant alleges that if it is assumed, arguendo, that Defendant violated the FCRA by obtaining Plaintiff's credit report as alleged in Plaintiff's Complaint, which presupposition Defendant denies, Defendant possessed a permissible purpose pursuant to 15 U.S.C. § 1681b of the FCRA in obtaining Plaintiff's consumer report from a consumer reporting agency.

### THIRTY THIRD AFFIRMATIVE DEFENSE

33. As a separate, affirmative defense, a consumer is required to first dispute his or her credit report with the credit bureaus before there can be liability against a furnisher *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). *See also, Barnhill v. Bank of Am., N.A.*, 378 F. Supp. 2d 696, 703 (D.S.C. 2005)(noting that Congress expressly excluded consumer actions under the FCRA pursuant to §§ 1681n and 1681o for alleged violations of 15 U.S.C.A. § 1681s-2(a), such as when a consumer notifies the furnisher directly that the information the furnisher is providing is incorrect.)

///
///
///
///

### THIRTY FOURTH AFFIRMATIVE DEFENSE

34. Defendant reserves the right to amend its Answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

### PRAYER FOR RELIEF

**WHEREFORE**, PREMIERE CREDIT OF NORTH AMERICA, LLC prays that Plaintiff's Complaint be dismissed with prejudice, for their attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that PREMIERE CREDIT OF NORTH AMERICA, LLC hereby requests a trial by jury in this case.

Dated: April 7, 2015               **CARLSON & MESSER LLP**

                                   By:   /s/ Tamar Gabriel
                                         David J. Kaminski
                                         Tamar Gabriel
                                         Attorneys for Defendant,
                                         PREMIERE CREDIT OF NORTH
                                         AMERICA, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                                              )   ss
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California.

      I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California 90045.

      On **April 7, 2015**, I served the foregoing document(s) described as: **ANSWER TO COMPLAINT** on all interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

[X]  **BY MAIL:** I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am readily familiar with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]  **BY ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **BY FACSIMILE** – I transmitted via telecopier machine such document to the interested parties at the facsimile number(s) listed on the attached service list.

[ ]  **(STATE):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed this **7th** day of **April 2015** at Los Angeles, California.

_____
Linda Brooks

{00030765;1}

1

*James Johnson aka James Rutledge*
File No. 08081.00

James Johnson aka James Rutledge           IN PRO SE
631 Deetz Road
Mount Shasta, California   96067
Tele: (541) 778-9114

{00030765;1}

2